UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO.: _____

OAKLEY, INC., a Washington corporation, and COSTA DEL MAR, INC., a Florida corporation,

        Plaintiffs,

    v.

SULGRAVE, INC., a Massachusetts corporation, and KIRSCHE D. SAFWAN, individually,

        Defendants.

_____/

## **COMPLAINT**

Plaintiffs Oakley, Inc. and Costa Del Mar, Inc. (together "Plaintiffs"), through undersigned counsel, sue Defendants Sulgrave, Inc. and Kirsche D. Safwan (together, "Defendants"), and allege:

## **NATURE OF ACTION**

1.    This lawsuit arises from the violation of Plaintiffs' intellectual property rights by Defendants' ongoing promotion and sale of sunglasses bearing counterfeits of Plaintiffs' federally registered Oakley and Costa trademarks (the "Counterfeit Merchandise"). Through this action, Plaintiffs seek to address Defendants' counterfeiting activities, as well as to protect unknowing consumers from purchasing low quality and potentially dangerous Counterfeit Merchandise.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves a claim arising under the Lanham Act.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants maintain a principal place of business and continue to infringe Plaintiffs' trademarks in this Judicial District.

## PARTIES

4. Plaintiff, Oakley, Inc. ("Oakley") is a corporation organized and existing under the laws of the State of Washington, having a principal place of business in Foothill Ranch, California. Oakley is an indirect, wholly owned subsidiary of Luxottica Group S.p.A.

5. Plaintiff, Costa del Mar, Inc. ("Costa") is a corporation organized and existing under the laws of the State of Florida, having a principal place of business in Daytona Beach, Florida.  Costa is an indirect, wholly owned subsidiary of FGX International, Inc.

6. Defendant, Sulgrave, Inc. ("Sulgrave") is a Massachusetts corporation registered and authorized to do business in the Commonwealth of Massachusetts with a principal place of business located inside The Corner Mall, 413 Washington St., Boston, Massachusetts 02108. Sulgrave operates a convenience store under the trade name "Sulgrave." As alleged herein, Sulgrave is directly engaging in the promotion and sale of Counterfeit Merchandise within this Judicial District.

7. Defendant Kirsche D. Safwan ("Safwan") is an individual residing in Lynnfield, Massachusetts. Safwan is an owner, officer, manager and director of Sulgrave and the moving force behind that entity's operations and infringing activities.

## FACTUAL ALLEGATIONS

**A.    The World-Famous Oakley Brand and Products.**

8.    Oakley is an internationally recognized manufacturer, distributor and retailer of sports eyewear, apparel, footwear, outerwear, jackets, accessories and other related merchandise.

9.    Oakley products are distributed and sold to consumers through its own Oakley O stores, its affiliate's sun retail stores, authorized retailers, and via its internet website: www.oakley.com throughout the United States, including Massachusetts.

10.    Oakley has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Oakley products, including but not limited to those detailed in this Complaint.

11.    Oakley has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Oakley Trademarks (defined below).  As a result, products bearing the Oakley Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Oakley and have acquired strong secondary meaning.

12.    Oakley is the owner of various trademarks under the Oakley brand, including, but not limited to, the following United States Federal Trademark Registration (the "Oakley Trademark"), which is at issue in this lawsuit:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 3,151,994 | | For: protective eyewear, namely spectacles, prescription eyewear, anti-glare glasses and sunglasses and their parts and accessories in class 9. |

13.     Oakley has long been manufacturing and selling eyewear in interstate commerce under the Oakley Trademark.  This registration is valid and subsisting and incontestable.

14.     Oakley's registration of its Oakley Trademark constitutes prima facie evidence of its validity and conclusive evidence of Oakley's exclusive right to use the Oakley Trademark in connection with the goods identified therein and other commercial goods.

15.     The registration of the Oakley Trademark also provides constructive notice to Defendants of Oakley's ownership and exclusive rights in the Oakley Trademark.

16.     The Oakley Trademark has been continuously used in interstate commerce and has never been abandoned.

**B.      The World-Famous Costa Brand and Products.**

17.     The Costa eyewear brand was born in Daytona Beach, Florida in 1983.

18.     Costa has continuously sold Costa branded products, including eyewear, apparel, and other related merchandise through its authorized retailers and via its internet website: www.costadelmar.com throughout the United States, including Massachusetts.

19.     Costa has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Costa products, including but not limited to, those detailed in this Complaint.

4

20. Costa has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Costa Trademarks (defined below). As a result, products bearing the Costa Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Costa and have acquired strong secondary meaning.

21. Costa is the owner of various trademarks under the Costa brand, including, but not limited to, the following United States Federal Trademark Registrations (collectively, the "Costa Trademarks"), among others, which are at issue in this lawsuit:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 3,857,379 | COSTA | For: sunglasses and sunglass frames in class 9. |
| 3,273,228 | | For: sunglasses, sunglass frames, sunglass lenses in class 9. |

22. Costa has long been manufacturing and selling eyewear in interstate commerce under the Costa Trademarks. These registrations are valid and subsisting.

23. The registration of the Costa Trademarks constitutes prima facie evidence of their validity and conclusive evidence of Costa's exclusive right to use the Costa Trademarks in connection with the goods identified therein and other commercial goods.

24. The registration of the Costa Trademarks also provides constructive notice to Defendants of Costa's ownership and exclusive rights in the Costa Trademarks.

25.    The Costa Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

**C.    Defendants' Infringing Activities.**

26.    On June 3, 2026, Plaintiffs' investigator visited "Sulgrave" located inside The Corner Mall at 413 Washington Street, Boston, MA 02108.  During that visit, the investigator observed numerous pairs of sunglasses bearing reproductions of the Costa Trademarks being displayed and offered for sale.

27.    Plaintiffs' investigator purchased one pair of Costa branded sunglasses for $10.00 cash. Photographs of the Costa branded sunglasses that were purchased on that day along with the sales receipt provided to the investigator, are depicted below:







28.     On June 11, 2026, Plaintiffs' investigator returned to "Sulgrave" located inside The Corner Mall at 413 Washington Street, Boston, MA 02108, however, this time, the investigator observed that Defendants were displaying and offering for sale sunglasses bearing reproductions of the Oakley Trademarks.

29.     Plaintiffs' investigator purchased one pair of Oakley branded sunglasses for $10.00 cash. Photographs of the Oakley branded sunglasses that were purchased on that day along with the sales receipt provided to the investigator, are depicted below:





30.     Plaintiffs subsequently inspected the sunglasses purchased from Defendants on June 3 and June 11 and determined that the Oakley and Costa Trademarks affixed to the sunglass frames are either incorrect or inconsistent with the Oakley and Costa Trademarks found on similar products and items bearing authentic Oakley and Costa Trademarks.

31.     Plaintiffs also determined that the item purchased from Defendants infringed the Oakley and Costa Trademarks and bore reproductions of marks that are identical with, or substantially indistinguishable from the Oakley and Costa Trademarks.

32.     Plaintiffs did not manufacture and did not authorize anyone to manufacture the counterfeit Oakley and Costa trademarked sunglasses that were offered for sale and sold by Defendants as identified herein.

33.     Defendants do not have a license, authority, or other permission from Plaintiffs to use the Oakley and Costa Trademarks in connection with the advertising, promoting, offering for sale or sale of the Counterfeit Merchandise.

34.     Defendant Safwan was directly involved in approving the purchase and sale of the Counterfeit Merchandise, and therefore he was a direct participant in the infringing activities alleged herein.

35.     Defendants' actions, as described above, constitute direct willful trademark infringement in violation of the Lanham Act.

36.     Defendants' actions, as described above, are intended to cause confusion or mistake, and to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise offered for sale by Defendants are authentic or authorized products of Oakley and Costa.

37.     Defendants' actions, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise, Oakley and Costa.

38.     Defendants are aware of the extraordinary fame and strength of the Oakey and Costa brands, the Oakley and Costa Trademarks, and the incalculable goodwill associated therewith.

39.     Defendants' knowing and deliberate hijacking of Plaintiffs' famous marks and offer for sale of Counterfeit Merchandise has caused substantial and irreparable harm to Oakley's and

Costa's goodwill and reputation. In addition, the damage caused by Defendants is especially severe because the Counterfeit Merchandise is cheap and inferior in quality to products bearing authentic Oakley and Costa Trademarks.

40.    Plaintiffs seek damages as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing the Oakley and Costa Trademarks.

## COUNT I
## (15 U.S.C. § 1114)
## (Trademark Infringement)

41.    Plaintiffs repeat and re-allege the allegations set forth in Paragraphs 1 through 40 above.

42.    This is a trademark infringement action against Defendants based on their unauthorized use in commerce of reproductions of marks that are identical with, or substantially indistinguishable from the Oakley and Costa Trademarks.

43.    Defendants promoted, advertised, and offered for sale products bearing counterfeits of the Oakley and Costa Trademarks without Plaintiffs' permission and without any compensation to Plaintiffs.

44.    The foregoing acts of the Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Counterfeit Merchandise offered for sale and/or sold by Defendants are authentic or authorized products of Oakley and Costa.

45.    Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise, Oakley and Costa.

10

46.    Defendants directly and willfully infringed Plaintiffs' trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Oakley, Inc. and Costa Del Mar, Inc. respectfully request that this Court enter judgment in their favor and against Defendants Sulgrave, Inc. and Kirsche Safwan, jointly and severally, as follows:

A.    Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114);

B.    Awarding Plaintiffs statutory damages for trademark infringement in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117(c));

C.    Awarding Plaintiffs such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury in this matter.

Dated this 9th day of July 2026.

Respectfully submitted,

*/s/ Daniel N. Smith*
Daniel N. Smith (BBO#  668943)
**NEW ENGLAND PATENT & TRADEMARK**
301 Edgewater Place, Suite 100
Wakefield, MA 01880
Ph: 978.882.0160
Fax: 978.882.0161
Email: smith@patentstrademarklaw.com

-and-

11

/s/ David B. Rosemberg
David B. Rosemberg (Fla. Bar. 0582239)
(*pro hac vice motion to be filed*)
**ROSEMBERG LAW**
20200 W. Dixie Hwy., Suite 602
Aventura, FL 33180
Ph: 305.602.2008
Fax: 305.602.0225
Email: david@rosemberglaw.com

*Counsel for Plaintiffs Oakley, Inc. and Costa Del Mar, Inc.*

4899-9303-6987, v. 2

12